**John E. WANN, Jr., Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**Civ. A. No. H–93–2123.**

United States District Court,
S.D. Texas,
Houston Division.

Nov. 16, 1994.

---

R. Paul Yetter, Baker & Botts, Houston, TX, for American Airlines Inc.

## SUMMARY JUDGMENT ORDER

HOYT, District Judge.

This claim is based on American Airlines, Inc.'s failure to hire the plaintiff as a fleet service clerk in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, ("ADA") and the Texas Commission on Human Rights Act, Tex.Rev. Civ.Stat.Ann. art. 5221k (codified at Tex.Lab. Ann. 21.001(1)) ("TCHRA"). Pending before this Court is the defendant's, American Airlines, Inc., motion for summary judgment on the plaintiff's, John E. Wann, Jr., claims (instrument # 20). The Court having considered the motion, the response, the pleadings on file, and the applicable law, is of the opinion that the defendant's motion shall be granted.

## FACTUAL BACKGROUND

On June 1, 1992, Wann applied for a job as a fleet service clerk with American Airlines at Houston Intercontinental Airport. Following his application for employment with American Airlines, Wann underwent two medical examinations conducted by Dr. Ahmed Kalifa at Kelsey–Seybold Clinic in Houston and Dr. Lorenzo Lorente.

Dr. Kalifa's medical report indicated that Wann had (a) paralyzed vocal cords; (b) plantars fascitis or inflammation of the soles of his feet; (c) a sprained ankle; (d) a tracheostomy; and (e) a hoarse voice. Dr. Lorente's report noted that Wann was in usual health until May of 1981, when he was hit in the head by a heavy object. As a result, he suffered a skull fracture, a hematoma, and was in a coma for approximately one week. Like Dr. Kalifa's report, Lorente's report indicates that Wann has (a) a hoarse voice; (b) occasional stridor or audible sounds during breathing due to the obstruction of air passages; (c) exertional dyspnea or difficulty breathing during activity; and (d) an ankle sprain.

Wann's medical reports were forwarded to American Airlines' medical department. Dr. Norman McCall, of American Airlines' medi-

Mary Ann French, Houston, TX, for John E. Wann, Jr.

cal department, reviewed Wann's medical reports and concluded, *inter alia*, that Wann's ankle injury and foot problems would prevent him from stooping and bending for prolonged periods of time. Further, he noted that, due to Wann's hoarse voice, paralyzed vocal cords, stridor, and exertional dyspnea, Wann should not be exposed to the dust and fumes attendant to the job requested. American Airlines determined that, because of Wann's medical conditions, he could not perform the essential job functions of the fleet service clerk position and, consequently, he was not hired. Wann brought this suit pursuant to the ADA.

## CONTENTIONS OF THE PARTIES

American Airlines moves for summary judgment on the plaintiff's claims for two reasons. First, it asserts that it did not hire Wann because it determined that his physical condition prevented him from performing the essential functions of a fleet service clerk. American Airlines also concluded that there was no reasonable accommodation available to enable Wann to perform the job functions and an attempt by him to perform the job of fleet service clerk would pose a significant risk of substantial harm to himself and others. More specifically, it concluded that Wann's medical condition, that limited his ability to bend and stoop and the exposure to dust and fumes, creates a significant threat to him and others if he were employed as a fleet service clerk.

Wann contends that American Airlines' contentions are merely a statement of its beliefs about his physical condition and abilities and are not supported by any evidence.

## DISCUSSION AND AUTHORITY

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment will be granted if after reviewing the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, the Court concludes that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After viewing the evidence in a light most favorable to the nonmovant, summary judgment is appropriate if the Court concludes that a reasonable factfinder could not return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ In its first ground for summary judgment, American Airlines contends that it did not hire Wann because it determined that his physical condition prevented him from performing the essential functions of a fleet service clerk. It asserts that the job of a fleet service clerk requires continuous movement in and around incoming and outgoing aircraft. It also requires bending and stooping in confined areas within the aircrafts and working in close proximity to aircrafts operating on the tarmac. Consequently, Wann would be exposed to exhaust fumes emanating from the aircrafts and other motor vehicles in the area.

■ The ADA prohibits discrimination in employment "against a qualified individual with a disability because of the disability of such individual...." 42 U.S.C.A. § 12112(a) (West Supp.1994). A "qualified individual with a disability" is defined as an "individual with a disability who with or without reasonable accommodation, can perform the essential function of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8) (West Supp.1994). Accordingly, only those persons who are qualified—that is, able, with or without reasonable accommodation, to perform the essential functions of a particular job—may state a claim under the ADA. *Id.* The Supreme Court stated in *School Board of Nassau County v. Arline*, 480 U.S. 273, 285, 107 S.Ct. 1123, 1129, 94 L.Ed.2d 307 (1987): ["O]nly those individuals who are both handicapped and qualified are eligible for relief."

The record demonstrates that Wann was injured in May of 1981 when he suffered a skull fracture, a hematoma, a tracheostomy, and a coma lasting approximately one week. Moreover, the record shows that Wann currently experiences episodes of a hoarse voice, audible sounds during breathing due to the obstruction of air passages, and difficulty breathing during activity. His ankle sprain and other foot problems are not necessarily

disabilities as contemplated by the Act and do not form the basis for the Court's opinion.

Dr. McCall's affidavit attests that Wann's current medical condition prevents him from performing the essential job functions of a fleet service clerk. Specifically, Wann's ankle injury and foot problems would prevent him from stooping or bending for long periods of time. More importantly, however, the exposure to dust and fumes, which occurs frequently in the daily activities of a fleet service clerk, would create a breathing problem for the plaintiff. The plaintiff admits that he needs a few seconds to catch his breath when his breathing is labored. This would result in an undetermined cessation of work during the servicing of the aircrafts.

Giving due consideration to the employer's judgment as to what job functions are essential, it is clear that Wann could not perform the essential functions of a fleet service clerk. See § 12111(8). The nature of a fleet service clerk's job would expose Wann to a myriad of situations that are expressly prohibited by his medical conditions. For example, he would be required to endure, on a day-to-day basis, exhaust fumes emanating from the aircrafts, as well as dust and smoke from other machinery in the vicinity. Further, he would be required to bend and stoop in confined areas of the aircrafts as well as lift and maneuver luggage and other objects.

Although Dr. Lorente's report states that the plaintiff can perform a "normal job," the report does not create a fact question in light of Dr. McCall's report and affidavit which state that the plaintiff could not perform the specific functions of fleet service clerk. In the specifics, Dr. Lorente's report is insufficient. Therefore, the Court concludes that Wann's permanent physical condition renders him unqualified to safely perform the essential functions of a fleet service clerk. The definition of a "qualified individual with a disability" also includes a personal safety requirement. An otherwise qualified individual with a disability is defined as one who can perform the essential functions of the position in question without posing a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation. 12111.

American Airlines contends that no reasonable accommodations exist to enable Wann to perform the essential job functions of a fleet service clerk. The Court agrees. In order to accommodate Wann, American Airlines would be required to eliminate most of the job's essential functions. This move exceeds the bounds of a *reasonable* accommodation called for by the ADA. An employer is not required to eliminate one or more of the essential functions of a job to accommodate an applicant. *Jasany v. United States Postal Serv.*, 755 F.2d 1244, 1250 (6th Cir.1985); *Florence v. Frank*, 774 F.Supp. 1054, 1061 (N.D.Tex.1991).

For these reasons, it is ORDERED that the defendant's motion for summary judgment is GRANTED.